# EXHIBIT 1

# EXHIBIT 1

DOUGLAS E. MILES
   Also Admitted in California &
   Illinois
JEREMY T. BERGSTROM
   Also Admitted in Arizona
GINA M. CORENA
ROCK K. JUNG
KRISTA J. NIELSON
JORY C. GARABEDIAN
THOMAS M. MORLAN
   Admitted in California
STEVEN E. STERN
   Admitted in Arizona & Illinois
ANDREW H. PASTWICK
   Also Admitted in Arizona &
   California
PATERNO C. JURANI



MILES, BAUER, BERGSTROM & WINTERS, LLP
ATTORNEYS AT LAW    SINCE 1985

2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052
Phone: (702) 369-5960
Fax: (702) 369-4955

CALIFORNIA OFFICE
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
Phone: (714) 481-9100
Fax: (714) 481-9141

RICHARD J. BAUER, JR.
FRED TIMOTHY WINTERS
KEENAN E. McCLENAHAN
MARK T. DOMEYER
   Also Admitted in the District of
   Columbia & Virginia
TAMI S. CROSBY
L. BRYANT JAQUEZ
WAYNE A. RASH
VY T. PHAM
HADI R. SEYED-ALI
BRIAN H. TRAN
CORI B. JONES
CATHERINE K. MASON
CHRISTINE A. CHUNG
HANH T. NGUYEN
S. SHELLY RAISZADEH
SHANNON C. WILLIAMS
LAWRENCE R. BOIVIN
RICK J. NEHORAOFF
BRIAN M. LUNA
ELIZABETH D. SCOTT

July 16, 2012

*SENT VIA FIRST CLASS MAIL*

Hollow De Oro HOA
Absolute Collections Services, LLC
6440 Sky Pointe Drive, Ste. 140-154
Las Vegas, NV 89131

Re:   *Property Address: 2117 Summer Lily Avenue, North Las Vegas, NV 89081*
      *MBBW File No. 12-H1420*

Dear Sirs:

This letter is in response to your Notice of Default with regard to the HOA assessments purportedly owed on the above described real property. This firm represents the interests of MERS as nominee for Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (hereinafter "BANA") with regard to these issues. BANA is the beneficiary/servicer of the first deed of trust loan secured by the property.

As you know, NRS 116.3116 governs liens against units for assessments. Pursuant to NRS 116.3116:

    The association has a lien on a unit for:
    ...
    *any penalties, fees, charges, late charges, fines and interest charged pursuant to paragraphs (j) to (n), inclusive, of subsection 1 of NRS 116.3102 are enforceable as assessments under this section*

While the HOA may claim a lien under NRS 116.3102 Subsection (1), Paragraphs (j) through (n) of this Statute clearly provide that such a lien is JUNIOR to first deeds of trust to the extent the lien is for fees and charges imposed for collection and/or attorney fees, collection costs, late fees, service charges and interest. See Subsection 2(b) of NRS 116.3116, which states in pertinent part:

    2. A lien under this section is prior to all other liens and encumbrances on a unit except:

*2117 Summer Lily Avenue, North Las Vegas, NV 89081*                                                          *Page two of two*

(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent…

**The lien is also prior to all security interests described in paragraph (b) <u>to the extent of the assessments for common expenses…which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien</u>.**

Subsection 2b of NRS 116.3116 clearly provides that an HOA lien "is prior to all other liens and encumbrances on a unit except: a first security interest on the unit…" But such a lien is prior to a first security interest to the extent of the assessments for common expenses which would have become due during the 9 months before institution of an action to enforce the lien.

Based on Section 2(b), a portion of your HOA lien is arguably senior to BANA's first deed of trust, specifically the nine months of assessments for common expenses incurred before the date of your notice of delinquent assessment dated June 18, 2012. For purposes of calculating the nine-month period, the trigger date is the date the HOA sought to enforce its lien. It is unclear, based upon the information known to date, what amount the nine months' of common assessments pre-dating the NOD actually are. That amount, whatever it is, is the amount BANA should be required to rightfully pay to fully discharge its obligations to the HOA per NRS 116.3102 and my client hereby offers to pay that sum upon presentation of adequate proof of the same by the HOA.

Please let me know what the status of any HOA lien foreclosure sale is, if any. My client does not want these issues to become further exacerbated by a wrongful HOA sale and it is my client's goal and intent to have these issues resolved as soon as possible. Please refrain from taking further action to enforce this HOA lien until my client and the HOA have had an opportunity to speak to attempt to fully resolve all issues.

Thank you for your time and assistance with this matter. I may be reached by phone directly at (702) 942-0413. Please fax the breakdown of the HOA arrears to my attention at (702) 942-0411. I will be in touch as soon as I've reviewed the same with BANA.

Sincerely,

*MILES, BAUER, BERGSTROM & WINTERS, LLP*

Paterno C. Jurani, Esq.



# Absolute Collection Services, LLC

*Mailing address:*                                          *Phone 702.531.3394*
*6440 Sky Pointe Drive Ste. 140-154*              *Fax 702.531.3396*
*Las Vegas, NV 89131*                                   *www.absolute-collection.com*

## CORRESPONDENCE RECEIPT

July 26, 2012

Rock Jung
Miles, Bauer, Bergstrom & Winters LLP
2200 Paseo Verde Pkwy, Ste 250
Henderson NV 89052
VIA FAX 702-369-4955

RE:    Hollow De Oro OA: 2117 Summer Lily Avenue; MBBW File No. 12-H1420; Our File: 3569

Dear Mr. Jung:

I am in receipt of your most recent correspondence regarding a Statement of Account for the above-mentioned property.  Please note that in conversations past, you had stated your clients position of paying for 9 months of assessments and no late fees, collection costs, etc., all occurring *before* foreclosure by your client.

I am making you aware that it is our view that without the action of foreclosure, a 9 month Statement of Account is not valid.  At this time, I respectfully request that you submit the Trustees Deed Upon Sale showing your client's possession of the property and the date that it occurred.  At that time, we will provide a 9 month super priority lien Statement of Account.

As discussed, any Statement of Account from us will show the entire amount owed.  We intend to proceed on the above-mentioned account up to and including foreclosure.  All such notifications have been and will be sent to all interested parties.  We recognize your client's position as the first mortgage company as the senior lien holder.  Should you provide us with a recorded Notice of Default or Notice of Sale, we will hold our action so your client may proceed.

Per our previous conversation, a Statement of Account costs $50 and is not good for a sale/transfer of the property.  If, after reviewing the information above, you would still like a Statement of Account, please email me at customerservice@absolute-collection.com or fax the above number.  If you would like an actual payoff demand that is good for the sale/transfer of a property, please visit our website at www.absolute-collection.com and go to Order Documents.  The upfront fee for the demand is $150 and we take all major credit cards or you may send the funds to the above address and provide an email/fax so we may get the demand to you.  If you have further questions, please feel free to contact us.

Sincerely,

Kelly Mitchell, Collection Manager
Absolute Collection Services, LLC

### PLEASE NOTE WE ARE A DEBT COLLECTOR