UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-675 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| HOLLOW DE ORO HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Hollow De Oro Homeowners' Association's ("HOA") motion to dismiss the complaint. (ECF No. 6). Plaintiff Bank of America, N.A. ("BANA") has filed a response (ECF No. 13), and HOA filed a reply (ECF No. 18).

**I.    Introduction**

This action arises out of the March 12, 2013, non-judicial foreclosure sale on the real property located at 2117 Summer Lily Avenue, North Las Vegas, Nevada. (ECF No. 1). BANA's complaint, filed on March 29, 2016, alleges three causes of action against the instant defendant in relation to that property sale: (1) quiet title/declaratory judgment against all defendants; (2) violation of NRS 116.1113 for breach of the obligation of good faith against HOA and co-defendant Absolute Collection Services LLC ("ACS"); and (3) wrongful foreclosure against HOA and ACS. (*Id.*).

HOA argues that the complaint's allegations against it should be dismissed, *inter alia*, because plaintiff failed to complete mediation pursuant to Nevada Revised Statute ("NRS") § 38.310, its claims are time-barred, the doctrine of laches applies, plaintiff's right to procedural due process was not violated, the sale did not violate the Supremacy Clause of the United States' Constitution, and plaintiff cannot establish superiority of title. (ECF No. 6). Additionally, HOA

**James C. Mahan**
**U.S. District Judge**

challenges plaintiff's request for attorneys' fees as special damages.  (*Id.*).  Plaintiff contests these arguments.  (ECF No. 13).

## II.     Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Furthermore, a formulaic recitation of the elements of a cause of action will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted).  Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Id.*  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief.  *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  *Id.*  First, the court must accept as true all of the allegations contained in a complaint.  However, this requirement is inapplicable to legal conclusions.  *Id.*  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief."  *Id.* at 679.  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Analysis

#### a. Statute of limitations

Plaintiff initiated this case over three years after the underlying foreclosure sale occurred. *See* (ECF No. 1). First, the claim to quiet title is not barred.[1] *See* Nev. Rev. Stat. § 11.070 (establishing a five-year limitations period for quiet title claims). Second, plaintiff's NRS 116.1113 claim requests financial damages based upon the alleged breach of a statutory duty. (ECF No. 1). Thus, that claim must be brought against a defendant within three years and is, accordingly, barred. *See* Nev. Rev. Stat. § 11.190(3)(a). Finally, defendants' authority to foreclose on the HOA lien stems from NRS Chapter 116; therefore, this claim is also one for damages based on liability created by a statute.[2] *See* (ECF No. 1). As a result, this claim is similarly time-barred under NRS 11.190(3)(a) because it was not brought within three years. See Nev. Rev. Stat. § 11.190(3)(a); *see also* (ECF No. 1).

#### b. Other arguments against the quiet title/declaratory relief claim

##### i. Procedural due process

This court agrees with defendant that plaintiff's procedural due process rights were not violated. Here, plaintiff had actual notice of the assessment deficiencies, evinced by the allegation that "BANA requested a ledger from Hollow De Oro, through its agent ACS, identifying the super-priority amount allegedly owed to Hollow De Oro." (ECF No. 1 at 5). Therefore, *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1158 (9th Cir. 2016), does not apply in the instant case. Indeed, plaintiff admits that it had prior, actual notice of the lien issue and

---

[1] A claim to quiet title is not a civil action under NRS 38.300(3), which states: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Therefore, no mediation is needed for this claim. *See* Nev. Rev. Stat. 38.310.

[2] "A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)).

acknowledges that defendant had recorded a notice of delinquent assessment lien, a notice of default and election to sell, and a notice of trustee's sale.[3]  (ECF No. 1).

### ii. *Supremacy clause*

BANA argues that the underlying note and senior deed of trust in this case were insured by the Federal Housing Administration ("FHA") and that HOA has not persuasively shown that the FHA consented to the foreclosure sale.  *See* (ECF Nos. 1, 13).

The single-family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes.  *See Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 980–81 (C.D. Cal. 2000) (discussing program); *W Wash. & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *1 n.2 (D. Nev. Sept. 25, 2014) (same).  If a borrower under this program defaults, the lender may foreclose on the property, convey title to the U.S. Department of Housing and Urban Development ("HUD"), and submit an insurance claim.  24 C.F.R. § 203.355.  HUD's property disposition program generates funds to finance the program.  *See* 24 C.F.R. § 291.1.

Allowing an HOA foreclosure to potentially wipe out a first deed of trust on a federally-insured property thus interferes with the purposes of the FHA insurance program.  Specifically, it hinders HUD's ability to recoup funds from insured properties.  As this court previously stated in *Saticoy Bay LLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust et al.*, it reads the foregoing precedent to indicate that a homeowners' association foreclosure sale under NRS 116.3116 may not extinguish a federally-insured loan.  No. 2:13–CV–1199 JCM (VCF), 2015 WL 1990076, at *4 (D. Nev. Apr. 30, 2015).

However, the present complaint does not seek to quiet title against FHA or another federal institution or organization, and BANA has not indicated any authority giving it standing to assert the federal interests supposedly at issue here.  (ECF No. 1).  Thus, this argument does not have

---

[3] The court will not apply the doctrine of laches here because defendant has not adequately shown that its circumstances have changed to the extent that this remedy is warranted.  *See* (ECF No. 6); *see also Cooney v. Pedroli*, 235 P. 637, 640 (1925) ("The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes, but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief" (quoting *Chase v. Chase*, 20 R. I. 202 (1897))).

**James C. Mahan**
**U.S. District Judge**

- 4 -

merit because the outcome of the instant case has no bearing on FHA's ability to defend its interest or, alternatively, because BANA has not successfully pled its standing to raise these issues.

### iii. Superiority of title

Finally, HOA asserts that plaintiff cannot show superiority of title. HOA's argument invites an assessment of facts that is inappropriate for the present motion. (ECF No. 6). At this time, it is sufficient that plaintiff has alleged facts in its complaint illustrating that it arguably has an interest in the underlying property. *Iqbal*, 556 U.S. at 678–79. Accordingly, plaintiff's claim to quiet title/declaratory relief survives the present motion to dismiss.

### iv. Special damages

BANA states that its allegations for special damages are part of its NRS 116.1113 and wrongful foreclosure claims. (ECF No. 13). The court notes that the last page of the complaint clearly states that BANA seeks "[r]easonable attorneys' fees as special damages and the costs of suit." (ECF No. 1 at 15).

Additionally, *Horgan v. Felton*, 170 P.3d 982, 983 (Nev. 2007), offers the rule that "in *cases* concerning title to real property, attorney fees are only allowable as special damages in slander of title actions, not merely when a cloud on the title to real property exists." 170 P.3d at 983 (emphasis added). Clearly, this case involves title to real property. *See* (ECF No. 1) (involving a quiet-title claim). The Nevada Supreme Court, in *Horgan*, also stated that "attorney fees are [generally] not recoverable absent a statute, rule, or contractual provision to the contrary." *Horgan*, 170 P.3d at 986. Plaintiff's complaint does not establish an alternative ground for its attorneys' fees request. *See* (ECF No. 1). Therefore, plaintiff may not request attorneys' fees as special damages in the complaint's current form.

### IV. Conclusion

In sum, plaintiff's claims involving breach of NRS 116.1113 and wrongful foreclosure are time-barred. Next, plaintiff's claim to quiet title surmounts the present motion. Finally, plaintiff's complaint, in its current form, cannot support a request for attorneys' fees as special damages.

. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Hollow De Oro Homeowners' Association's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent with the foregoing.

DATED March 9, 2017.

_____
UNITED STATES DISTRICT JUDGE